Nels Anderson v. William Courtright.

*Ejectment against tax-title claimant.*

Ejectment lies against one who, though out of possession, has notified the real owner that he claims the premises under a recorded tax-title. Comp. L. § 6207.

Case made from Newaygo. Submitted October 13. Decided October 26.

Ejectment. Plaintiff had judgment below. Affirmed.

*Albert G. Day* for plaintiff. Ejectment lies in Michigan against any adverse claimant of title: Comp. L. § 6207; *Clark v. Hall* 19 Mich. 356; *Crane v. Seitz* 30 Mich. 457; *Kinney v. Harrett* 46 Mich. 87; *Mich. Central R. R. v. McNaughton* 45 Mich. 87; a tax deed is *prima facie* evidence of title: *Ruggles v. Sands* 40 Mich. 559.

*E. L. Gray* for defendant. Ejectment can be brought only against some one actually in possession, exercising acts of ownership and claiming title: *Banyer v. Empie* 5 Hill 48; *Redfield v. Utica & Syracuse R. R.* 25 Barb. 54; *Child v. Chappell* 9 N. Y. 251; Tyler on Ejectment 615; *Hamblin v. Warner* 30 Mich. 97; *King v. Carpenter* 37 Mich. 366.

Campbell, J. In this case the only question is whether a party claiming under a recorded tax title and notifying the real owner of such claim can be properly sued in ejectment if out of possession.

The statute regulating ejectment allows it to be brought, where premises are vacant, against persons "claiming title thereto" at the commencement of the suit, and declares that "all persons claiming any title to the premises adverse

47 Mich.—11

to that claimed by the plaintiff, may in all cases be made defendants in such action." Comp. L. § 6207.

This language covers the case completely.

The judgment must be affirmed with costs.

The other Justices concurred.