60  391
85  553
60  391
86  55
60  391
96  152

## HENRY HEINMILLER v. JAMES S. P. HATHEWAY.

*Ejectment—Husband and wife—Deed by of land of wife—Designation in deed of interest of wife in the land, not essential to its validity—Liability of wife on her covenants in deed, measured by her interest in the land conveyed—Deputy sheriff—May sell land on foreclosure of mortgage by advertisement—Deed executed by heir at law, not incompetent evidence because grantor not shown to be sole heir—Claim of defendant under a recorded tax deed, and refusal to release claim, sufficient to sustain ejectment for wild and unoccupied land—Such right not affected by plaintiff's directing land to be assessed to him and paying taxes levied—Nor by occasionally removing wood and logs from the land—Such acts are in affirmation of his title.*

1. Where a wife joins with her husband in a deed of the fee of land of which she is in whole or in part the *sole* owner, she conveys *all* of her interest therein; but she can only be held liable on her covenants in such deed to the *extent* of her *interest* in the land conveyed.

2. The designation in a deed, executed by a husband and wife of land owned by the wife, of the *extent* of her interest, is not essential to the validity of the deed.

3. A deputy sheriff has a right to make a sale of land on the foreclosure of a mortgage by advertisement. How. Stat. sec. 8501; *Hoffman v. Harrington,* 33 Mich. 392.

4. A deed, purporting to be executed by the grantor as heir at law of his father, was objected to when offered in evidence because he was not shown to be the *sole* heir.

 *Held*, that the deed was competent evidence, and that on a trial involving plaintiff's title to land he has the right to put before the jury *all* of the evidences of such title.

5. In an action of ejectment to recover the possession of wild and unoccupied land, evidence that the defendant held a tax deed of the premises, which he had placed on record, and claimed an interest in the land under it, which he refused to release to the plaintiff on request, is *sufficient* to enable plaintiff to maintain his suit. In such a case the direction of the plaintiff to have the land assessed to him, and his payment of the taxes levied, and his occasionally hauling logs or wood from the premises, would not change his right to bring such suit, but such acts would be in affirmation of the title under which he claims, and adverse to that claimed by defendant.

Error to St. Clair. (Stevens, J.) Argued February 18, 1886. Decided April 8, 1886.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Geo. P. Voorheis* and *T. M. Crocker*, for appellant:

Under How. Stat. sec. 7791, if the premises are *not actually occupied*, " the action *must* be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein at the commencement of the suit." Under the evidence, plaintiff was in such a position as to make him a *necessary* party defendant to an ejectment suit to recover possession of the land in dispute.

Under our statute, the *title* to the lands is but an incident; the scope of the action is to settle the *right of possession: Covert v. Morrison*, 49 Mich. 133 ; *Atwood v. Frost*, 57 Mich. 232 ; and there are two classes of persons who *must* be made defendants, as above stated ; other persons *may* be joined as defendants with an actual occupant, or with one exercising acts of ownership, but if there are such persons last named, they *must* be made defendants. See, also, *Anderson v. Courtright*, 47 Mich. 161 ; *Hanson v. Armstrong*, 22 Ill. 442 ; *Langford v. Love*, 3 Sneed (Tenn.) 308 ; *Banyer v. Empie*, 5 Hill, 48 ; *Hill v. Kricke*, 11 Wis. 442.

While a person claiming title to or an interest in the land adverse to that of plaintiff may be joined as a defendant

with the *actual* occupant, he cannot properly be made a defendant without joining the actual occupant: *Hoyt v. Southard*, 58 Mich. 434; and it is equally clear that where the lands are *unoccupied*, but some person is exercising acts of ownership thereon, the person claiming title adverse to that claimed by the plaintiff may be *joined* as defendant with the person exercising such acts of ownership, but he cannot properly be made *sole* defendant.

*Charles K. Dodge*, for plaintiff.

SHERWOOD, J.   The plaintiff brought this suit in ejectment to recover possession of the N. ½ of S. E. ¼ of section 13, township 8 north, range 15 east, in the county of St. Clair.

The cause was tried in the St. Clair circuit by jury, and the plaintiff recovered.   The defendant brings error.   Several exceptions were taken upon the introduction of the evidence, and the remainder relate to the refusals to charge, and to the charge as given.

It appears from the record that the lands were unimproved, unfenced, and unoccupied by any person, and laid in a state of nature, except as some timber had been cut thereon and taken away.

The plaintiff, to establish his title to the land, showed a patent therefor from the United States to Timothy J. Wheaton, dated October 1, 1855; also the record of a deed of the land from Wheaton and wife to Samuel Edison, dated October 5, 1855.   This record was objected to as insufficient; that the deed was not entitled to record,—the execution was not witnessed.   We think the record of this conveyance, with the evidence relating to its execution and delivery and recording, was properly received in evidence under the previous rulings of this Court: *Post v. Rich*, 36 Mich. 316; *King v. Carpenter*, 37 Mich. 369; *Gaston v. Merriam*, 25 N. W. Rep. 614.

Mr. Edison was sworn, testifying to the due execution of the deed, and its delivery, and the recording, also showing the loss or destruction of the instrument; and that Edison bought in good faith, and paid a valuable consideration therefor, does not seem to be questioned.

The record then shows several mesne conveyances, down to Mrs. Nancy Edison, and on the eighteenth day of July, 1861, Samuel Edison and Nancy Edison, his wife, conveyed the premises in question to James K. Hamilton, which deed was duly acknowledged by both, and the wife, as appears by the certificate of the justice, acknowledged the execution of the deed separate and apart from her husband, as was formerly the custom under the law making such separate acknowledgment necessary.

The record of this deed, when offered in evidence, was objected to on the grounds that such deed conveyed no title to Hamilton; that the wife simply joining in the deed of her husband as his wife, in lands to which she held the title, would not pass the fee to the grantee; that the only interest she could convey by such a deed would be her dower and homestead rights. We are not able to concur in this view. When the wife joins with her husband in the conveyance of the fee of land of which she is, in whole or in part, the sole owner, she conveys all of her interest therein, though she can only be held liable upon her covenants in such deed to the extent of her sole property conveyed. It is usual, in such cases, to designate in some way in the conveyance the extent of such sole interest, and it is very proper so to do; but it is not essential to its validity. In this case no such designation was necessary, because the entire property conveyed belonged to the wife, and this, of course, was shown by the record. We think the deed was properly received in evidence, and conveyed the title of Mrs. Edison.

A deed was then offered from Hamilton to Gamble, dated January 21, 1867, of the E. ½ of the land in question; also a deed made by the sheriff upon the foreclosure of a mortgage upon the same parcel to Hamilton, dated May 10, 1871. This last deed was objected to because the sale purported to have been made by one of the sheriff's deputies. This deed was properly admitted. The foreclosure was by advertisement, and the deputy had the right to make the sale: How. Stat. § 8501; *Hoffman v. Harrington*, 33 Mich. 392.

The plaintiff then offered in evidence a deed of the land

in question from Hamilton to Jerry W. Jencks; also the record of a deed from Jerry W. Jencks to Charles C. Jencks; also a quitclaim deed from Daniel Wheaton, heir at law of Timothy J. Wheaton, to Charles C. Jencks, covering the same premises, and dated the eighteenth day of March, 1881. This deed was introduced to perfect the chain of title which was supposed to be defective on account of the objections taken to Wheaton's deed made on the fifth of October, 1855, hereinbefore considered, and was objected to because the grantor was not shown to be the only heir of his father.

The deed was certainly competent testimony, and not objectionable on that ground, whatever other objections there might have been, if any, upon other grounds. The plaintiff had the right to put before the jury all the evidences of his title.

After showing a power of attorney, duly executed by Charles C. Jencks to William L. Jencks, to make sale of the property, the plaintiff offered in evidence a warranty deed from Charles C. Jencks and wife to the plaintiff, conveying to him by said attorney the premises in question. This latter deed was claimed to be inadmissible on account of defective certificate of acknowledgment. This objection, however, is not presented in briefs of defendant's counsel; neither was it pressed upon the argument; and needs no further consideration by us.

The plaintiff having thus completed the showing of his chain of title giving him the fee of the land, he next offered in evidence a tax deed of the land, made by the auditor general to the defendant, conveying the land in question to defendant, dated March 1, 1879, and recorded on the twenty-fourth day of the same month.

The plaintiff also offered evidence tending to show that the defendant claimed title to the property in question under this tax deed, and an interest therein. This deed and testimony were objected to by defendant's counsel. We think it was admissible for the purpose offered. Section 7791, How. Stat.. provides that if the lands are not occupied the action of ejectment must be brought against some person exercising

acts of ownership on the premises claimed, or claiming title thereto, or some interest therein. The evidence that the defendant had a tax deed of the premises, had put it on record, and claimed an interest in the premises under it, which he refused to release to the plaintiff when requested, was sufficient to enable the plaintiff to maintain ejectment, when the land was wholly unimproved, unfenced, uncultivated, and unoccupied, as this was. The defendant's claim was a hostile and adversary one to the rights of the plaintiff, and he had the right to maintain this under the statute, which was intended to meet such cases: *Anderson v. Courtright*, 47 Mich. 161; *Hill v. Kricke*, 11 Wis. 442; *Harvey v. Tyler*, 2 Wall. 328; *Hoyt v. Southard*, 58 Mich. 434; *Hanson v. Armstrong*, 22 Ill. 442; *Langford v. Love*, 3 Sneed, 308; *Banyer v. Empie*, 5 Hill, 48.

Neither do we think the plaintiff's direction to have the property assessed to him, and his payment of the taxes assessed upon the same, nor his occasionally hauling logs or wood from the premises, would change the plaintiff's right to bring suit. These acts would only be in affirmation of the title under which he claims, and adverse to the interest and acts of the defendant.

The plaintiff introduced evidence showing the defendant's tax title invalid.

It was claimed that the acts of the plaintiff showed him in the actual occupancy of the premises at the time the suit was commenced, and therefore his suit must fail. The testimony upon both sides upon the question of occupancy was submitted to the jury very fairly in the following charge:

" If you are satisfied from the evidence that the plaintiff is owner in fee of the land, and also conclude that when this suit was brought the land was not actually occupied by any one, but the defendant claimed title thereto or an interest therein by virtue of such recorded tax title, then your verdict shall be for the plaintiff; but if you find otherwise, it will be for the defendant."

The verdict was against the defendant, and this we cannot

disturb. The decision involved questions of fact upon which there was testimony given upon both sides.

We find no other error assigned needing discussion. The judgment at the circuit must be affirmed.

The other Justices concurred.