## PEOPLE *v.* SPEARS.

1. CRIMINAL LAW — SECOND OFFENSE—IDENTITY—SUFFICIENCY OF EVIDENCE AT PRELIMINARY EXAMINATION.

    At the preliminary examination of defendant charged with a second offense violation of the prohibition law, evidence of a prior conviction of a person of the same name was sufficient, under 3 Comp. Laws 1915, § 15682, to justify the justice in holding him for trial, although there was no evidence otherwise identifying him as the person previously convicted.

2. SAME—NAMES—IDENTITY OF PERSONS PRESUMED FROM IDENTITY OF NAMES.

    Generally, from identity of names, identity of persons will be presumed, unless, perhaps, the name is a very common one, or there are other special circumstances creating confusion in the identity.

3. SAME—INDORSING NAMES ON INFORMATION.

    In a prosecution for violating the prohibition law, permitting the names of three additional witnesses to be indorsed on the information on the day of the trial before the jury was drawn, only two of whom, the sheriff and his deputy, were sworn, was not prejudicial, in view of 3 Comp. Laws 1915, § 15761; there being no application for continuance.

4. INTOXICATING LIQUOR—TRIAL—OFFENSE CHARGED.

    Where the information charged both unlawful selling and furnishing of intoxicating liquor, submission of the case to the jury as one of furnishing rather than of selling is not objectionable, since proof of a sale would be proof of furnishing.

5. CRIMINAL LAW—UNNECESSARY TO DEFINE "REASONABLE DOUBT" IN ABSENCE OF REQUEST.

    In the absence of a special request, it is not necessary to define the meaning of "reasonable doubt."

[1]Criminal Law, 16 C. J. §§ 598, 1029; Evidence, 22 C. J. § 32; [2]Criminal Law, 16 C. J. § 1029; Evidence, 22 C. J. § 32; [3]Criminal Law, 16 C. J. § 2027; [4]Intoxicating Liquors, 33 C. J. § 551 (Anno); [5]Criminal Law, 16 C. J. §§ 2396, 2498.

6. SAME—TRIAL—INSTRUCTIONS.
   Objections to the charge of the court, *held*, not well founded.

7. SAME—NEW TRIAL PROPERLY DENIED.
   Denial of defendant's motion for a new trial, *held*, justi-
   fied by the record.

Error to Ingham; Collingwood (Charles B.), J.
Submitted October 13, 1927. (Docket No. 126.) De-
cided December 1, 1927.

Bert Spears was convicted of violating the liquor
law, and sentenced to imprisonment for not less than
six months nor more than two years in the State prison
at Jackson. Affirmed.

*James J. Spillane*, for appellant.

*William W. Potter*, Attorney General, *Barnard
Pierce*, Prosecuting Attorney, and *Joseph W. Planck*,
Assistant Prosecuting Attorney, for the people.

NORTH, J. The appellant was charged with unlaw-
fully selling and furnishing intoxicating liquors. In
the complaint, warrant, and information this viola-
tion was specifically charged as a second offense, and
defendant was found guilty. The first two assign-
ments of error are based upon the refusal of the trial
court to quash the information, or at least his refusal
to strike out that portion of the information whereby
this violation was charged as a second offense; it being
defendant's claim that there was no competent evi-
dence introduced at the examination to support the
charge as a second offense. The record contains the
testimony of a deputy county clerk who produced be-
fore the examining magistrate the records concerning
the conviction and sentencing in Ingham county of one
Bert Spears on a charge of illegally transporting in-
toxicating liquors. From such records the defendant

---

⁶Intoxicating Liquors, 33 C. J. § 547; ⁷Criminal Law, 17 C.
J. § 3589.

in that case appeared to have been arraigned September 28, 1925, convicted by a jury October 16, 1925, and sentenced October 20, 1925.    But it is contended there was no evidence of identity between the defendant Bert Spears in that case and the defendant Bert Spears in this case.    At the examination there was no such proof except the identity of name and location; but this was sufficient for the purposes of the examination and holding the defendant for trial at the circuit. The statute (3 Comp. Laws 1915, § 15682) only requires "it shall appear    *    *    *    that there is probable cause to believe the prisoner guilty" of the offense charged.

"The great weight of authority is to the effect that from identity of names identity of persons will be presumed unless, perhaps, the name is a very common one or there are other special circumstances creating confusion in the. identity.    This rule has    *    *    * frequently been applied in criminal as well as civil proceedings."    19 R. C. L. p. 1332.

See, also, *People* v. *Absher*, 240 Mich. 107; *Atwood* v. *Sault Ste. Marie Light Co.*, 148 Mich. 224 (118 Am. St. Rep. 576); *People* v. *Robinson*, 135 Mich. 511; *Clow* v. *Plummer*, 85 Mich. 550.

The third assignment is that the trial court permitted the names of three additional witnesses to be indorsed on the information on the day of trial and before the jury was drawn.    The statute (3 Comp. Laws 1915, § 15761) requires the prosecuting attorney to indorse the names of witnesses known to him at the time the information is filed; "and at such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall also indorse thereon the names of such other witnesses as shall then be known to him."    Only two of these witnesses were sworn, Hugh Silsby and George Bearup.    They were sheriff and deputy sheriff, respectively, of Ingham county and were the officers who arrested the defend-

ant for illegally transporting liquor in 1925. They testified they knew defendant and presumably he had some recollection of them. Their testimony had to do only with the question of identity. There was no dispute in the testimony on this issue; and the defendant's wife, whom he called as a witness, testified that her husband was convicted in the former prosecution. At the time the order was made for indorsing these names the defendant made no application for a continuance. His rights were not prejudiced by the order. *People* v. *Mills,* 94 Mich. 630; *People* v. *Powers,* 203 Mich. 40; *People* v. *Maka,* 237 Mich. 507.

Assignments of error eight to eleven, inclusive, have to do with the charge of the court. Complaint is made because the case was submitted as one of *furnishing* liquor rather than *selling,* it being claimed that if any violation was proven it was a sale. There is no merit in this contention. The information charged both unlawful selling and furnishing; and proof of a sale would be proof of furnishing. It is also asserted by defendant that the court failed to define "reasonable doubt;" that he omitted to charge relative to "presumption of innocence;" or that the jury must find as a fact that the liquor was intoxicating; and that by the charge the defense was limited to the establishment of an *alibi.* A fair reading of the charge convinces us that none of these contentions are well founded. The court said in part:

"This is a case in which Bert Spears is charged with furnishing liquor illegally. * * * Now, in this case, as in every case, the respondent comes into court clothed with the presumption of innocence. The burden of proof is upon the people, and the people must prove to you beyond a reasonable doubt, by the evidence, that Bert Spears was guilty as charged. * * * Any furnishing or possession of intoxicating liquor is a crime under the statute. The people must prove that a crime has actually been committed."

The charge did not restrict appellant's defense to his claimed *alibi,* nor did it fail to fairly protect his rights in submitting the case to the jury.    No requests to charge were submitted by the defendant, nor was the trial court asked to modify or amplify the charge as given.    In the absence of a special request, it was not necessary to define the meaning of "reasonable doubt." *People* v. *Waller,* 70 Mich. 237.    The defendant has no just cause for complaining of the charge as given.

The record does not justify defendant's contention that the trial court was in error in denying his motion for a new trial.

The other assignments of error have been examined, but found to be corollaries of those hereinbefore considered, and they are without merit.

The conviction and judgment are affirmed.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.