**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 30, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

No. 119427

JAMAL S. ALLEN

    Defendant-Appellant.

_____

PER CURIAM

Defendant was convicted by a jury of first-degree premeditated murder, MCL 750.316. The mandatory sentence of life imprisonment was imposed. The Court of Appeals affirmed the defendant's conviction and sentence. We do likewise, rejecting the defendant's claim that the trial court committed a structural constitutional error when, after instructing the jury that it must find defendant guilty beyond a reasonable doubt, it failed to give a further instruction defining reasonable doubt. For the reasons explained below, we hold that the concept of reasonable doubt is within the common

understanding of jurors.  It is sufficient that a jury is instructed that proof beyond a reasonable doubt is required in order to convict a defendant.  A court's failure to define the phrase "reasonable doubt" is not a plain error requiring reversal of a defendant's conviction.

## I

Mary Morgan died from strangulation and blunt force head injury.  The defendant was charged with first-degree murder in connection with Ms. Morgan's death.  At the jury trial on that charge, witnesses testified that Ms. Morgan sought refuge in the witnesses' home, but that the defendant followed Morgan into the home.  There, the defendant hit Ms. Morgan.  She fought back.  The witnesses said they forced Ms. Morgan out of the home, whereupon defendant pursued her.  What occurred after that was a matter of some dispute at the trial.  Police, who had been called, found Ms. Morgan on a nearby street lying on her back.  She had no vital signs.

The prosecutor contended that the defendant followed Ms. Morgan, continued to beat her, and then strangled her. Although the defendant admitted in his testimony that he hit Ms. Morgan while in the witnesses' home, he denied that he strangled her after leaving there.  Additionally, the defendant interposed an intoxication defense.

Trial was held in the Wayne Circuit Court.  At the conclusion of proofs, the jury was instructed as follows

regarding the prosecutor's burden of proof:

> [E]very crime is made up of parts called elements. The prosecution must prove each element of the crime charged beyond a reasonable doubt. The defendant is not required to prove his innocence or to do anything. If you find the prosecution has not proven every element beyond a reasonable doubt, then you must find the defendant not guilty.[1]

The defendant did not object, nor did he request that further instruction defining reasonable doubt be given.

The jury was instructed on first-degree murder and second-degree murder. Additionally, the jury was instructed on the defense of intoxication. The jury returned a verdict of guilty of first-degree murder. The court then imposed the mandatory term of life in prison.

The defendant appealed to the Court of Appeals, which issued a divided unpublished per curiam opinion affirming the conviction. The majority stated the trial judge was not required to define the phrase reasonable doubt. Additionally, the jury had been repeatedly told that to convict the

---

[1] Preliminary instructions that were given to the jury were accurate:

> During arguments of counsel you will hear a great deal about reasonable doubt. A reasonable doubt is exactly what it infers. A reasonable doubt is a fair, honest doubt growing out of the evidence or lack of evidence in this case; or growing out of any reasonable or legitimate inferences drawn from the evidence or lack of evidence. It is not merely an imaginary doubt or a flimsy, fanciful doubt. But, rather, it is a fair, honest doubt based upon reason and common sense.

defendant required proof beyond a reasonable doubt. The dissenting judge opined that the failure to provide any definition of reasonable doubt was a clear error that required reversal.

II

Defendant asks us to review a claim of error that he did not preserve at trial. We thus apply the principles articulated in *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999):

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the government who bears the burden of persuasion with respect to prejudice. . . . Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [Citations and internal quotation marks omitted.]

For the reasons discussed below, we conclude defendant has not demonstrated that a plain error occurred.

The right to a jury trial in a criminal felony prosecution is fundamental. *Duncan v Louisiana*, 391 US 145, 149; 88 S Ct 1444; 20 L Ed 2d 491 (1968). The fundamental nature of the right to a jury trial is reflected in both the federal and state constitutions. US Const, Am VI; Const 1963,

4

art 1, § 20.  Interrelated with the right to a jury trial is the requirement that the prosecutor prove guilt beyond a reasonable doubt.  *Sullivan v Louisiana*, 508 US 275, 279; 113 S Ct 2078; 124 L Ed 2d 182 (1993).  The requirement of burden of proof beyond a reasonable doubt is important because it ensures a reliable determination of guilt.  In *Sullivan,* an erroneous definition of reasonable doubt was held to constitute a "structural" error in the trial.[2]  A structural error necessarily renders unfair or unreliable the determination of guilt or innocence and defies harmless error analysis.  *People v Duncan*, 462 Mich 47, 50; 610 NW2d 551 (2000).  An erroneous definition of reasonable doubt in a jury instruction violates the jury trial guarantee.  *Sullivan, supra.*  A decision rendered on the basis of an erroneous definition of proof beyond a reasonable doubt is not a true "verdict" within the meaning of the constitutional guarantee of a jury trial.  *Id.*

## III

That a constitutionally defective reasonable doubt instruction violates the constitutional guarantee of a jury trial does not necessarily imply that a failure to define

---

[2] In *Sullivan*, the instructions included a definition of reasonable doubt as a "grave uncertainty" and "moral certainty."  *State v Sullivan*, 596 So 2d 177, 186, n 3 (La, 1992).  Such instructions were found to be erroneous in *Cage v Louisiana*, 498 US 39; 111 S Ct 328; 112 L Ed 2d 339 (1990).

reasonable doubt at all constitutes such a violation.[3]  For well over a century, this Court has recognized that "reasonable doubt" is not an arcane phrase beyond the comprehension of jurors.  *Hamilton v People,* 29 Mich 173 (1874), *People v Cox*, 70 Mich 247; 38 NW 235 (1888), *People v Stubenvoll*, 62 Mich 329; 28 NW 883 (1886), and *People v Trudell*, 220 Mich 166, 172; 189 NW 910 (1922).

In *Hamilton* at 194, this Court stated:

> If a jury cannot understand their duty when told they must not convict when they have a reasonable doubt of the prisoner's guilt, or of any fact essential to prove it, they can very seldom get any help from such subtleties as require a trained mind to distinguish.  Jurors are presumed to have common sense, and to understand common English.  But they are not presumed to have professional, or any high degree of technical or linguistic training.

In *Stubenvoll* at 334, this Court said:

> We do not think that the phrase "reasonable doubt" is of such unknown or uncommon signification that an exposition by a trial judge is called for.  Language that is within the comprehension of persons of ordinary intelligence can seldom be made plainer by further definition or refining.  All persons who possess the qualifications of jurors know that a "doubt" is a fluctuation or uncertainty of mind arising from defect of knowledge or of evidence, and that a doubt of the guilt of the accused, *honestly entertained*, is a "reasonable doubt."

---

[3] As Justice Rehnquist noted in a concurring opinion in *Sullivan*, "[a] trial in which a deficient reasonable-doubt instruction is given seems to me to be quite different from one in which no reasonable-doubt instruction is given at all." *Sullivan*, 508 US 284.

Therefore, giving an affirmatively misleading definition differs substantially from merely declining to elaborate on the meaning of a commonly understand phrase. If a trial court gives a deficient definition of reasonable doubt, it cannot be presumed that the jury has, in fact, found guilt beyond a reasonable doubt, whereas, if the trial court instructs on the need to find guilt beyond a reasonable doubt, without more, it can be presumed that the jury has, in fact, found guilt beyond a reasonable doubt.

Accordingly, omitting a definition of reasonable doubt in a jury instruction does not violate due process. *Victor v Nebraska,* 511 US 1, 7; 114 S Ct 1239; 127 L Ed 2d 583 (1994).[4] The failure to define reasonable doubt is not a structural error, or any error for that matter, because it is not necessary to define this commonly understood phrase. *People v Spears*, 241 Mich 67, 71; 216 NW 398. The jury here was adequately instructed that the prosecutor had the burden of proving beyond a reasonable doubt every element of the crime with which the defendant was charged. No structural error occurred because defendant was not deprived of a basic protection.[5] The instructions that were given allowed the

---

[4] "[T]he Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Victor, supra* at 5.

[5] "It is not a case where the trial judge gave a wrong and harmful definition of the term, but where he did not give any." *Trudell, supra* at 171-172.

7

jury to determine reliably the defendant's guilt or innocence.

We hold that a defendant is not entitled to reversal of a jury conviction because of the unchallenged omission of a definition of "reasonable doubt."  We affirm the judgment of the Court of Appeals.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN

    Plaintiff-Appellee,

v                                                                No. 119427

JAMAL S. ALLEN

    Defendant-Appellant.

_____

CAVANAGH, J. (*concurring*).

I concur with the result in this case, affirming defendant's conviction and sentence and rejecting defendant's claim that the trial court committed a structural constitutional error when it failed to define reasonable doubt. However, I write separately because in reaching this result, the majority applies the plain error principle articulated in *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

In *Carines*, I joined Justice Kelly's partial dissent, which stated that "a contemporaneous objection to an erroneous jury instruction is not required to preserve the issue for

appeal." 460 Mich 778. Justice Kelly also stated:

> Defendant's conviction should only "be affirmed if the reviewing court is satisfied that the error is harmless beyond a reasonable doubt." *People v Graves*, 458 Mich 476, 482; 581 NW2d 229 (1998). Given that "erroneous jury instructions regarding essential elements [are] reviewed for harmless error by utilizing a 'prejudice' standard," this Court must assess whether a properly instructed jury might have reached a different result, had the error not occurred. [*People v Vaughn,* 447 Mich 217, 228, 230, 238; 524 NW2d 217 (1994) (opinion of Brickley, J.).] [*Id.*]

I agree with the majority that defendant is not entitled to reversal of his jury conviction because of the omission of a definition of "reasonable doubt" because I do not believe that a jury would have found any differently even if the trial judge would have defined reasonable doubt. Because I disagree with the principle articulated in *Carines* that is applied here, I am unable to join the majority opinion.

KELLY, J., concurred with CAVANAGH, J.

2