672 N.W.2d 853 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Benjamin McCOY, Defendant-Appellee.
Docket No. 124606, COA No. 234042
Supreme Court of Michigan.
January 9, 2004.
On order of the Court, the application for leave to appeal the August 21, 2003 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the judgment of the Wayne Circuit Court. We are not persuaded that the jury instructions were erroneous and, in any event, any error, on review of all the evidence, was harmless beyond a reasonable doubt. People v. Anderson, 446 Mich. 392, 521 N.W.2d 538 (1994). Defendant also has failed to meet his burden of proving that counsel's actions were ineffective and were not a matter of trial strategy. People v. LeBlanc, 465 Mich. 575, 640 N.W.2d 246 (2002).
CORRIGAN, C.J., concurs, and states as follows:
I join the Court's order reinstating defendant's convictions because I am not persuaded that an error requiring reversal occurred here. The trial court's instruction on first-degree murder did not omit an element of the offense. It is true that the court did not orally define the word "deliberation," but the court did expressly tell the jury that it must find both premeditation and deliberation. The court stated:
So the elements are, an intent to kill, and it was one with deliberation and premeditation. That is what is known as Murder in the First Degree.
It's an unlawful killing, it's an intentional killing, and it's done with premeditation and deliberation. [Emphasis added.]
The court thus did not omit the element of deliberation from its oral instructions. I am not persuaded that a court must define every word in the element of an offense, or that the word "deliberation" is not within the common-sense understanding of the jurors.
In an analogous setting, we have held that a court does not commit a plain error where it fails to define the phrase "reasonable doubt." See People v. Allen, 466 Mich. 86, 643 N.W.2d 227 (2002), and cases cited therein. "Jurors are presumed to have common sense, and to understand common English." Id. at 91, 643 N.W.2d 227, quoting Hamilton v. People, 29 Mich. 173, 194 (1874). See also Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) ("[T]he Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course").
Moreover, the court provided the jurors with a written copy of the standard instruction for this offense defining the word "deliberation." See CJI2d 16.1. Contrary to the dissent's assertion, there was no conflict between the oral and written instructions. The mere fact that the word "deliberation" was defined in the written instructions, but not in the oral instructions, does not give rise to a conflict. A conflict would have arisen if the court had given inconsistent definitions, but that did not occur here. Thus, even accepting the dissent's implicit view that the jurors lacked a common-sense understanding of the word "deliberation," the written instructions *854 adequately apprised them of the meaning of that term.
MARILYN J. KELLY, J., dissents and states as follows:
For the reasons outlined in the Court of Appeals opinion, I would not reverse its finding that the trial court's error requires that defendant be granted a new trial. I believe that the trial court's unfortunate blurring of the distinction between the elements of premeditation and deliberation could have caused the jury to find defendant guilty of first-degree murder.
It was error for the court not to independently define each of these essential elements in its oral instructions to the jury. People v. Milton, 81 Mich.App. 515, 518, 265 N.W.2d 397 (1978), aff'd 403 Mich. 821, 282 N.W.2d 926 (1978). While "deliberation" may be a generally recognizable term, it has a specific place among the elements of the offense of first-degree murder. Consequently, the term requires additional explanation in this context, as evidenced by the fact that it is precisely differentiated from "premeditation" in CJI2d 16.1. Had the jury in this case been properly instructed, it might well have found defendant guilty of second-degree murder.[1]
Concededly, the jury was provided with a written copy of the standard jury instruction for first-degree premeditated murder, CJI2d 16.1, and the jury's note asked only that the trial court "[e]xplain premeditation." However, I continue to believe that the trial court's errors affected the outcome of the trial. The initial erroneous instructions never delineated the two separate elements. They may well have perpetrated the jury's confusion and caused it to request a further explanation of "premeditation" only because it continued to believe erroneously that the two elements were one.
The trial court exacerbated its initial error when it again refused to read the standard jury instructions on both elements of the crime. While the written instructions, standing alone, may have been adequate to explain the differences between the two elements, the trial court's error controls here. Where conflicting instructions are given, one erroneous and the other correct, as was the case here, we presume that the jury followed the erroneous instruction. People v. Clark, 340 Mich. 411, 418, 65 N.W.2d 717 (1954); People v. Kanar, 314 Mich. 242, 253, 22 N.W.2d 359 (1946). An instruction that effectively omits an essential element of a crime, as did the trial court's oral instructions here, directly conflicts with an instruction that fully sets forth each element. In such cases, a jury is provided with inconsistent instructions.
*855 Therefore, rather than reverse the Court of Appeals decision by order, I would either deny leave to appeal or grant leave to allow fuller discussion of this issue. This Court should not so lightly consign defendant to life in prison without the possibility of parole when his trial was so seriously flawed.
MICHAEL F. CAVANAGH, J., joins the dissent of MARILYN J. KELLY, J.
NOTES
[1] I note that the Court of Appeals came to this conclusion even after using a lesser "harmless error" standard than what arguably applies here. An error in omitting an element of the first-degree murder instructions by failing to provide a definition of "deliberation" is an error of constitutional magnitude. See People v. Carines, 460 Mich. 750, 761, 597 N.W.2d 130 (1999), citing United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) "(the Fifth and Sixth Amendments of the United States Constitution `require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt')," 460 Mich. at 778, 597 N.W.2d 130 (KELLY, J., dissenting). Here, defense counsel's timely objections preserved the issue of the court's error. Thus, the reviewing court must determine whether the prosecution has established that it is harmless beyond a reasonable doubt. People v. Anderson (After Remand,) 446 Mich. 392, 521 N.W.2d 538 (1994). When viewed under this standard, defendant's case for retrial becomes even stronger.