## JOHN HANCOCK MUT. LIFE INS. CO. v. UNITED STATES.

### No. 4150.

Circuit Court of Appeals, First Circuit.

June 12, 1946.

G. K. Richardson, of Boston, Mass., for appellant.

Wilma C. Martin, Atty., Department of Justice, of Washington, D. C. (J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., Edmund J. Brandon, U. S. Atty., of Boston, Mass., and Roger P. Marquis, Atty., Department of Justice, of Washington, D. C., of counsel), for appellee.

Before DOBIE (by special assignment), MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This is an appeal from the final judgment of condemnation by the District Court. On April 28, 1942, the United States instituted proceedings to condemn for a term of years.

beginning April 28, 1942, and expiring June 30, 1943, certain space in an office building in Springfield, Massachusetts. The Massachusetts Mutual Life Insurance Company was the owner of this building and the appellant, John Hancock Mutual Life Insurance Company, occupied certain offices therein under a five year lease beginning April 1, 1941, and ending April 1, 1946. At the trial, the District Court instructed the jury that it could award damages to the appellant only if the fair market rental of the premises in question exceeded the rent that appellant was paying on the day it vacated and then only to the extent that the fair market rental exceeded the amount of rent under the lease. The jury found that appellant was not entitled to damages. Appellant contends that the instruction of the trial court on the question of damages was erroneous in that it is entitled to the fair rental value undiminished by the rent it was obligated to pay under the lease. The correctness of that instruction is the sole question presented to us.

 No evidence was introduced to show whether the appellant was under a continuing obligation to pay rent.[1] The obligation of the appellant to pay rent is an element which must be proved if the appellant is to recover the full market rental undiminished by the amount of rent stipulated in the lease. This obligation is of decisive importance in determining the amount of damages due the appellant, and the burden is on the appellant to prove the amount of damages to which it is entitled. United States v. Powelson, 1943, 319 U.S. 266, 273, 63 S.Ct. 1047, 87 L.Ed. 1390; Westchester County Park Commission v. United States, 2 Cir., 1944, 143 F.2d 688, 692. If, after a condemnation, a lessee remains under obligation to pay rent, it is entitled to damages equal to the fair rental value of the leased premises. If the lessee is no longer under such obligation, then it is entitled only to the difference between the fair rental value and the rent stipulated in the lease. In harmony with this is the rule of damages laid down by the Supreme Court in United States v. Petty Motor Company, 66 S.Ct. 596, 601. There the Court said: "The measure of damages is the difference between the value of the use and occupancy of the leasehold for the remainder of the tenant's term * * * less the agreed rent which the tenant would pay for such use and occupancy."

United States v. General Motors Corporation, 1945, 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390 cited by appellant, is not in point. In that case the tenant was under a continuing obligation to pay rent[2] and hence was entitled to the fair rental value undiminished by the rental under the lease.

There was no error in the instructions of the court below.

The judgment of the District Court is affirmed.

---

[1] Evidence has been submitted to us on appeal tending to show an arrangement by the lessor with the United States whereby the appellant is probably relieved of this obligation to pay rent. We do not, however, place any reliance on this evidence since it was not introduced in the court below.

[2] See Mr. Justice Douglas' concurring opinion at page 385 of 323 U.S.