**GAWZNER et al. v. LEBENBAUM.**

**LEBENBAUM v. GAWZNER et al.**

**No. 12299.**

United States Court of Appeals
Ninth Circuit.

March 8, 1950.

---

Hill, Morgan & Farrer, Stanley S. Burrill, Los Angeles, Calif., for Gawzner, et al.

Irl D. Brett, Department of Justice, Los Angeles, Calif., Paul R. Cote, Beverly Hills, Calif., for Lebenbaum.

Before HEALY and POPE, Circuit Judges, GOODMAN, District Judge.

GOODMAN, District Judge.

The United States condemned the use and occupancy, for a term of 22⅔ months commencing July 10, 1944, of 21 acres of land in Santa Barbara, California, all owned by lessor Gawzner, upon a portion of which was a hotel and other buildings under lease to lessee, Lebenbaum, who was operating the hotel on the leased premises at the time of the condemnation.[1] Lebenbaum's five year lease still had over two years to run. He also had an option for a five year renewal. To suit its purposes, the Government made changes in the buildings. It returned the property on July 1, 1946.

The condemnation proceeding itself followed a long and tortuous course. A number of pre-trial hearings were had. The late Judge Hollzer, in 1945, filed an opinion wherein he decided certain of the legal issues presented. Upon the death of Judge Hollzer, the case reached the hands of Judge Weinberger. Further hearings in pre-trial and on motions with respect to the pleadings were had before Judge Weinberger. Finally, and before the time set for trial, Gawzner, Lebenbaum and the Government agreed upon the total amount of compensation to be paid, to-wit the sum of $205,000, and judgment was entered for that amount. Then Gawzner and Lebenbaum stipulated that the Court should retain jurisdiction to determine the

1. The Government's complaint was filed July 10, 1944.

respective interests of the parties in the fund. Thereafter the parties stipulated that $91,296 was the reasonable cost of restoring the hotel premises to proper shape as hotel property. This amount was paid to Gawzner, leaving $113,704 to be distributed to Gawzner and Lebenbaum for their respective interests, as the Court might determine upon trial. Trial was held. Judge Weinberger allowed $8,508 to Gawzner for the value of the use of the unleased premises, leaving $105,196 as the amount to be distributed between Gawzner and Lebenbaum for the value of their respective interests in the leased premises taken by the Government. Judge Weinberger awarded approximately 58% of the $105,196 or $60,836 to Gawzner and approximately 42% or $44,360 to Lebenbaum.

Both Gawzner and Lebenbaum are dissatisfied with the judgment and both have appealed. Each claims that he should have the whole amount and each further objects to the manner of distribution made by the trial Court.

■ We have no doubt that the able trial judge conscientiously proceeded, upon some undisclosed basis, to determine the allotments made to each of the parties. Unfortunately, however, the record[2] does not disclose the formula which he used. We therefore cannot discern, except percentage-wise, the basis of distribution.

For this reason, we have concluded that the interests of justice require that the cause be remanded for a redetermination of the amounts to be awarded the parties. We will, however, dispose of certain of the legal questions presented, for the guidance of the Court below upon the new trial. We also believe that it will be conducive to a just result if we delineate the evidentiary boundaries of the new trial.

■ 1. It was contended below and again in this appeal, that, by virtue of clause 10 of the lease, the condemnation proceeding by the Government terminated the lease and foreclosed any further interest of Lebenbaum therein and hence that Lebenbaum had no interest compensable in the condemnation proceeding. It is sufficient to say that, for the reasons stated by the late Judge Hollzer and by Judge Weinberger, and because we believe their conclusions are legally correct, the condemnation proceeding did not effectuate a termination of the lease pursuant to the provisions of clause 10 thereof.

■ 2. Gawzner contended below that if the lessee did share in the compensation fund, his right should be limited to the so-called "bonus value" of the lease. Since it allegedly appeared from undisputed testimony that there was no "bonus value" to the lease, Gawzner asserted that lessee Lebenbaum was entitled to nothing. The Court below rejected this contention and held that Lebenbaum's right of recovery was not limited to the so-called "bonus value," but that there were other factors which could lawfully be taken into account in fixing the value of the lessee's interest. For the reasons stated by Judge Weinberger, and because we feel that his conclusion is correct, we sustain his holding in this regard. Hancock Mut. Life Ins. Co. v. U. S., 1 Cir., 155 F.2d 977, 978; U. S. v. Petty Motor Co., 327 U.S. 372, 381, 66 S.Ct. 596, 90 L.Ed. 729.

■ 3. We hold that upon the retrial of this cause, the Court below should, upon the evidence now in the record, and such additional evidence as either side may wish to introduce, make proper distribution of the fund to the lessor and lessee proportionately in accordance with the value of their respective interests. In this connection the following evidentiary factors should be considered in formulating judgment, to-wit:

a. The extent of the contribution, by way of money or improvements, by the lessee during the period of lessee's occupancy of the premises under the lease.

b. The income record of the leased property during the period reasonably antedating the condemnation and also during

2. Neither findings nor opinion is informative in this regard.

the period reasonably following restoration and return of the property.

c. Evidence concerning the market value, if any, of the lease at the time of the taking, not confined to the "bonus value" thereof.

d. In connection with the lessor's interest, the amount of the rental obligation of the lessee under the lease,[3] not limited to the minimum rental of the lease.

■ The Court below should determine, from the evidence before it, the value of the total interest taken by the Government. It should then ascertain the proportion of each party's interest therein. The proportion thus ascertained should be applied to the fund on hand and distribution made accordingly. We hold this formula to be a just and proper means of making distribution, for the reason that had the Court, or jury, in the condemnation proceeding itself, fixed the value of the total interest taken, there could also have been submitted to the Court, or jury, for determination, the value of the respective interests of the lessor and lessee provided that no greater total sum could have been awarded than if both interests were vested in a single party. We are of the opinion that considerations of equity and justice require the trial Court to allocate the fund as if it were determining in the first instance in the condemnation proceeding, the respective interests of the parties.

While it may savor somewhat of gratuitousness on our part, we feel impelled to say that the same considerations, which prompted the parties to agree with the Government as to the total amount of the compensable award, might well have motivated them to have agreed upon an equitable distribution to each other. Indeed, since they are still landlord and tenant, the urge to do so should still exist.

Remanded.

3. It was contended by lessee Lebenbaum below, and again here, that the amount of the rental payable to the lessor was not and is not a relevant consideration, for the asserted reason that, under California law, the lessor has no lien for the collection of rent. Whether or not that is

California law, which we do not determine, the landlord is not impotent with respect to the collection of rent but has means other than a lien to protect his rights for the payment of rent, at least to the extent of creating an interest in his favor compensable in condemnation.