205 Mich. App. 659 (1994)
517 N.W.2d 872
In re ACQUISITION OF BILLBOARD LEASES AND EASEMENTS (CITY OF NORTON SHORES v. WHITECO METROCOM) (CITY OF NORTON SHORES v. OCI CORPORATION OF MICHIGAN) (DEPARTMENT OF TRANSPORTATION v. OCI CORPORATION OF PORT HURON)
Docket Nos. 152447, 152448, 152449, 152450, 156802.
Michigan Court of Appeals.
Submitted March 17, 1994, at Grand Rapids.
Decided June 20, 1994, at 9:15 A.M.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, Patrick F. Isom and Ronald F. Rose, Assistant Attorneys General, and David E. Oppliger, Special Assistant Attorney General, for Department of Transportation.
James J. Kobza, for City of Norton Shores.
Bodman, Longley & Dahling (by James J. Walsh and William L. Hoey), for the defendants.
Amicus Curiae:
Mika, Meyers, Beckett & Jones (by Mary L. Mason, William A. Horn, Neil P. Jansen, and Mary E. Conners), for Michigan Municipal League.
*661 Before: DOCTOROFF, C.J., and CONNOR and E.E. BORRADAILE,[*] JJ.
CONNOR, J.
These consolidated cases are all concerned with the issue of just compensation for private property taken for public use, and they all involve billboards. Each defendant possessed property that was condemned pursuant to the Uniform Condemnation Procedures Act, MCL 213.51 et seq.; MSA 8.265(1) et seq. In each case, the trial court rulings that the defendants could not introduce into evidence estimates of their property's market value based upon capitalization of income is appealed. We reverse.
Our constitution requires government to pay "just compensation" for all property taken for public use. Const 1963, art 10, § 2; see also US Const, Am V. As this case shows, it is important to identify the property being taken before determining just compensation.
Although these cases all involve billboards, it would be incorrect to say that the property taken was billboards. In fact, the City of Norton Shores did not expressly condemn any billboards. Rather, it condemned leaseholds that gave defendants OCI Corporation of Michigan and Whiteco Metrocom the right to locate on certain land several billboards they owned. The Department of Transportation did expressly condemn three billboards, but it also condemned the easement OCI Corporation of Port Huron owned that entitled it to place those three billboards on the top of a building at that precise location.[1]
There is no dispute that all the billboards in *662 question are trade fixtures. Thus, there is no disputing that the City of Norton Shores has an obligation to pay defendants OCI Corporation of Michigan and Whiteco for the costs associated with moving their billboards to another location. See In re Widening of Gratiot Avenue, 294 Mich 569, 573; 293 NW 755 (1940). However, merely paying OCI Corporation of Michigan and Whiteco for the costs of detaching and reattaching their signs somewhere else is not just compensation for the leaseholds that have been taken from them, unless those leases were terminable at will. See id. at 575. The record shows that most of the leases in question were not terminable at will.
Regardless of whether a billboard is classified as personal property or a fixture, the leaseholds and air rights that were taken from defendants are real property. This Court has previously held that income capitalization is a proper method of estimating the value of income-producing real property. State Hwy Comm'r v Hessell, 5 Mich App 559, 564; 147 NW2d 464 (1967). Furthermore, the record reflects that the opposing experts agreed that income capitalization is one of several valid methods used to estimate the market value of real property.[2]
Defendants are not seeking to recover profits lost as a result of the takings; they only desire to introduce evidence of the market value of the property taken. Plaintiffs' experts and defendants' experts may disagree about the best way of estimating *663 that market value, but their disagreement is a question of fact for the trier of fact to resolve, not a question of law for the courts to decide. The trial courts erred in excluding evidence of appraisals of the property's market value based on the income capitalization method.[3]
Reversed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] Because the Department of Transportation condemned the three billboards belonging to OCI Corporation of Port Huron, there is no dispute that the department has the obligation to pay OCI Corporation of Port Huron the full value of the billboards. There seems to be agreement that this can be determined by estimating the cost of the billboards as "new less depreciation."
[2] This is not surprising. In the real world beyond the courthouse walls, reasonable buyers deciding how much to pay for income-producing real property, and reasonable sellers deciding how much to sell income-producing real property for, necessarily must consider the property's ability to produce income.
[3] We have not determined the admissibility of any particular evidence. While the air rights of OCI Corporation of Port Huron were perpetual, the terms of the leases taken from OCI Corporation of Michigan and Whiteco varied considerably. We note that market value estimates, based on income, that do not take into account the finite terms of the leases in question might not be admissible because they lack relevance, MRE 402, or because the probative value is substantially outweighed by the danger of unfair prejudice, MRE 403.