814                                   429 Mass. 814 (1999)

Rite Media, Inc. *v.* Secretary of the Massachusetts Highway Department.

RITE MEDIA, INC. *VS.* SECRETARY OF THE MASSACHUSETTS
HIGHWAY DEPARTMENT & another.[1]

Suffolk. January 7, 1999. - June 25, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, & IRELAND, JJ.

*Billboard. Eminent Domain,* Damages. *Landlord and Tenant,* Eminent domain,
Termination of lease. *Personal Property,* Eminent domain.

A billboard standing on property taken by eminent domain was personal
property that the owner, under a lease, had a right to (and did) remove,
and, where the Commonwealth made no taking of the billboard, the owner
was not entitled to any damages for the value of the billboard. [815-817]
FRIED, J., dissenting, with whom LYNCH, J., joined.

CIVIL ACTION commenced in the Superior Court Department on
August 4, 1994.

The case was heard by *John C. Cratsley,* J., on motions for
summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Leonard M. Singer* for the plaintiff.

*Howard R. Meshnick,* Assistant Attorney General, for the
defendants.

WILKINS, C.J. On March 3, 1994, the Commonwealth took by
eminent domain for highway purposes land owned by Sidney
and Lawrence Fruman on Albany Street in Boston. At that time,
the plaintiff, Rite Media, Inc. (Rite Media), had a lease with the
Frumans pursuant to which Rite Media maintained a large
billboard on the Fruman property. The billboard was ap-
proximately three and one-half stories high and supported by
steel beams sunk into concrete footings. The Frumans and the
Commonwealth settled the Frumans' damage claim arising from
the taking. Rite Media did not settle its claims and alleged a
claim for damages both for the taking of its leasehold interest

---

[1]The Commonwealth. We shall refer to the defendants collectively as the
Commonwealth.

and for the value of its billboard. The taking, of course, terminated the lease. See *Newman* v. *Commonwealth*, 336 Mass. 444, 446 (1957).

The lease called for monthly payments of rent of $2,666.67 and was to expire on January 31, 1995, approximately eleven months after the taking. The lease further provided that all structures placed on the property were the lessee's trade fixtures, remained the property of the lessee, and could "be removed by the Lessee at any time prior to or within a reasonable time after the termination of this lease." In March, 1994, Rite Media and the Commonwealth entered into an agreement that permitted Rite Media to maintain its billboard on the premises for a monthly fee of $2,134, which was stated to be a fair market rental charge for the use and occupancy of the property. In December, 1994, the Commonwealth offered Rite Media approximately $23,430 as a business relocation expense in connection with the billboard. Rite Media continued to operate the billboard on the Commonwealth's property and to collect advertising income until April, 1995, when, following notice from the Commonwealth, Rite Media removed the billboard.[2]

On cross motions for summary judgment, a Superior Court judge granted the Commonwealth's motion and dismissed the complaint. He ruled that, because the fee charged by the Commonwealth, which reflected the fair market value of the property, was less than the monthly rent the Frumans had charged, Rite Media sustained no damages as a result of the termination of its leasehold. See *United States* v. *Petty Motor Co.*, 327 U.S. 372, 381 (1946); *John Hancock Mut. Life Ins. Co.* v. *United States*, 155 F.2d 977, 978 (1st Cir. 1946); *Lakewood* v. *Queen City Realty Co.*, 166 Ohio St. 2d 249, 252 (1957). On appeal, Rite Media does not challenge the judge's denial of damages for the taking of its leasehold interest. It asserts, however, that it is entitled to compensation for the fair market value of the billboard.

The Appeals Court, in a memorandum and order pursuant to its rule 1:28, affirmed the judgment. See *Rite Media, Inc.* v. *Secretary of Mass. Highway Dep't*, 44 Mass. App. Ct. 1124 (1998). It concluded that Rite Media was not entitled to compensation for the billboard because the summary judgment

---

[2]Steel beams and horizontal steel were disposed of. Panels and lights were saved. The record does not show the value of the salvaged property in relation to the cost of removing the billboard.

record made "no showing of (1) a private right of action, (2) a taking, or (3) damages incurred," and it awarded double costs. The Appeals Court relied on *Newman* v. *Commonwealth, supra* at 446-448, in which we rejected a tenant's claim for compensation for improvements that it had made on leased property that the Commonwealth had taken by eminent domain, improvements that the tenant had the right to remove.[3] We granted Rite Media's application for further appellate review.

The general rule as to improvements on real estate seized by eminent domain is that "[n]o separate item of damages [can] be recovered for the improvements, which are compensable only in so far as they enhance the value of the estate." *Id.* at 447. See G. L. c. 79, § 13 (when property is taken, "the damages shall include the value of all structures upon such parcel so far as they enhance the value of the land"). This is a rule of long standing in the Commonwealth. Thus, for this taking, the lessor landowners were entitled to the fair market value of their property, subject to whatever effect Rite Media's leasehold interest had on that value, and Rite Media was entitled to the fair market value, if any, of its leasehold interest. The sum of these two interests equals the fair market value of the entire interest in the real estate, for which the Commonwealth was liable because of the taking. G. L. c. 79, §§ 6, 12. There is no basis in the typical taking to award damages, additionally and separately, for structures on the property. To do so would require the taking authority to pay compensable damages exceeding the fair market value of the property.

In this case, in any event, the circumstances are different. The billboard was not taken by eminent domain because it was personal property for eminent domain purposes. "We have never adopted in this Commonwealth any rule that structures or improvements present at the time of the taking which were theretofore subject to removal by the lessee are in themselves an interest in real estate within G. L. (Ter. Ed.) c. 79." *Newman* v. *Commonwealth, supra* at 448. "Personal property" for eminent domain purposes is defined, in part, in G. L. c. 79A, § 1, as:

---

[3] Rite Media's argument that the measure of damages discussed in *Newman* v. *Commonwealth*, 336 Mass. 444 (1957), is inconsistent with the views of the Supreme Court expressed in *Almota Farmers Elevator & Warehouse Co.* v. *United States*, 409 U.S. 470 (1973), is immaterial to Rite Media's claim that it is entitled to be compensated for the taking of the billboard.

"(*b*) in the case of a tenant, fixtures and equipment, and other property which may be characterized as real property under state or local law, but which the tenant may lawfully, and at his election, determines to move and for which the tenant is not compensated in the real property acquisition."

Rite Media acknowledges that the billboard was a tenant fixture and that, under its lease, it had the right to remove it. Rite Media has not been compensated for its billboard in the real property acquisition. Under the law of the Commonwealth, therefore, by definition, the billboard was personal property for eminent domain purposes, and the Commonwealth did not take it by eminent domain.

This record does not present the question whether Rite Media is entitled to compensation pursuant to the Highway Beautification Act (HBA) (23 U.S.C. §§ 131 et seq. [1994]) by reason of G. L. c. 81, § 7J (concerning relocation assistance), or G. L. c. 93D (concerning outdoor advertising adjacent to certain highway systems). When this action was commenced, the billboard had not been removed. Section 131(g) of the HBA refers to the payment of just compensation "upon the *removal* of any outdoor advertising sign" (emphasis added).[4] Rite Media's complaint does not allege a claim under the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §§ 4651-4655 (1994).[5] In any event, both Federal statutes provide for "just compensation," which presumes that there were damages and, in this case, there were none.

*Judgment affirmed.*

FRIED, J. (dissenting, with whom Lynch, J., joins). The court reaches a perfectly reasonable result. Unfortunately the conclusion that Rite Media is not entitled to damages for the taking of

---

[4] The Commonwealth's offer of relocation funds and the agreement to permit Rite Media to continue to operate the billboard may well fulfil any obligation the Commonwealth has under the Highway Beautification Act.

[5] The fact that the Commonwealth did not take the billboard casts substantial doubt on any claim that Rite Media might assert under this Federal law beyond those it has under State law.

Rite Media, Inc. *v.* Secretary of the Massachusetts Highway Department.

its billboard is foreclosed by *Almota Farmers Elevator & Warehouse Co.* v. *United States,* 409 U.S. 470, 476 (1973), in which the Supreme Court held that a tenant whose leasehold has been taken is entitled to compensation for fixtures, and that that compensation is to be calculated by the value of the fixtures assuming the leasehold had not been taken and might have been renewed. While I agree with the dissent in *Almota, supra* at 481-482 (Rehnquist, J., dissenting), that valuing the fixtures as if the leasehold would have been extended indefinitely is wrong and incompatible with *United States* v. *Petty Motor Co.,* 327 U.S. 372 (1946), which the *Almota* Court claimed it was retaining in effect, still it is not for this court, on a matter of Federal constitutional law, to disregard a controlling opinion — however weakly reasoned — of the United States Supreme Court.

Although *Almota* was the basis of Rite Media's appeal, the court dismisses it in a footnote, stating that it is "immaterial" to the claim for compensation for the billboard. *Ante* at 816 n.3. That is all the explanation the court offers. Presumably the court thinks, *ante* at 816, that this is so by virtue of "[t]he general rule [of long standing in the Commonwealth] as to improvements on real estate seized by eminent domain . . . that '[n]o separate item of damages [can] be recovered for the improvements,' " and by virtue of its argument later that, because the billboard was subject to removal, "[u]nder the law of the Commonwealth . . . the billboard was personal property for eminent domain purposes, and the Commonwealth did not take it by eminent domain." *Ante* at 817. Whether this is a good doctrine or a bad doctrine, it is not a doctrine on which the court is entitled to rely. The Commonwealth and the court cannot avoid compensating Rite Media by claiming to take only the leasehold and permitting (or ordering) Rite Media to remove the billboard.[1] In *Almota,* the parties stipulated to the fact that the government had no need for the improvements placed on the land being taken, but the Court nonetheless found that the lessee need not settle merely for salvage value but was entitled to an award reflecting the value of the improvements in place beyond the lease term. *Almota, supra* at 471-472. In *Almota,* the

---

[1]The Commonwealth's argument that only the land, not the billboard, was taken seems inconsistent with the order of taking, which stated that the Highway Department, acting on behalf of the Commonwealth, was taking "in fee simple, the parcel[] of land . . . including all trees and structures located thereon."

Court stated that where a long-term tenant erects buildings or fixtures:

> "Even if the buildings or fixtures are attached to the real estate and would pass with a conveyance of the land, as between landlord and tenant they remain personal property . . . [and] may be removed by the tenant at any time during the continuation of the lease, provided such removal may be made without injury to the freehold. This rule, however, exists entirely for the protection of the tenant, and cannot be invoked by the condemnor. If the buildings or fixtures are attached to the real estate, they must be treated as real estate in determining the total award."

*Id.* at 477 n.5, quoting 4 P. Nichols, Eminent Domain § 13.121[2] (3d rev. ed. 1971). In a matter of Federal law, which is what this takings claim depends on, a State court is not free to defeat a claim to compensation by preferring a State law definition of what constitutes compensable property, when that very definition has been rejected by the Supreme Court. The court likes the way the matter is dealt with in *Newman* v. *Commonwealth*, 336 Mass. 444, 448 (1957). I think I do too, but we may not apply it in a question of Federal law insofar as it has been overruled by the Supreme Court of the United States.

I would remand the case for a determination of the value of Rite Media's billboard as measured by the *Almota* standard and adjusted for any salvage value Rite Media may have realized when it removed the billboard.[2]

---

[2]The Commonwealth contends, and the court echoes the claim, that the fact that Rite Media incurred the expense of dismantling and removing the billboard is evidence that the parties believed that it remained the property of Rite Media even after the taking. The beliefs of the parties after the taking do not, however, have any bearing on the compensability of the interest. And even if such conduct were relevant, the conclusion that Rite Media thought that the billboard was not part of the taking cannot be drawn from its actions in removing the billboard. Rite Media only removed the billboard because it was told by the Commonwealth to do so and because the salvage value of the sign exceeded the cost of removal. In taking this action, Rite Media mitigated its damages by disassembling the billboard and recovering its salvage value. Had Rite Media not done as it was told, it would have (1) failed to mitigate its damages and (2) risked losing the salvage value of the billboard if legal action failed.