Saad, J.
 

 Plaintiff appeals as of right the trial court’s order denying, in part, its motion for summary disposition and granting, in part, summary disposition in favor of defendant. We affirm in part and reverse in part.
 

 I. FACTS AND PROCEEDINGS
 

 Plaintiff is in the outdoor advertising business. It is the successor in interest to billboards located on the roof and east wall of defendant’s building. Plaintiff and its predecessors in interest have continuously maintained the billboards and related components since the time the original lease agreements were executed in 1922 and 1946.
 
 [1]
 
 Defendant’s predecessors in interest renewed the lease agreements and eventu
 
 *666
 
 ally entered into new leases that included the following provision:
 

 All signs, structures, materials and equipment placed upon the said premises by the Lessee shall always remain the personal property of and may be removed by the Lessee any time prior to or within a reasonable time after the expiration of the term hereof or any extension thereof.
 

 In October 1996, defendant became the new owner of the building where plaintiffs signs are located. On January 17, 1997, defendant wrote to plaintiff and stated that his ownership of the building included ownership of the billboards. Defendant also demanded that the advertisements, or panel boards, attached to the billboard structures be removed by February 1, 1997. Plaintiff thereafter provided defendant with copies of its lease agreements and with copies of canceled rent checks, but defendant continued to assert ownership over the billboards.
 

 To preserve its interest in the billboards, plaintiff brought this action on the ground that defendant sought to wrongfully evict plaintiff. Plaintiff also styled its action as one for claim and delivery. In response, defendant averred that the original lease agreements “manifested an intention that any structures placed on the property were to become permanent fixtures simulated to the real estate and annexed thereto.” Both parties moved for summary disposition.
 
 [2]
 
 The trial court partially granted summary dispo
 
 *667
 
 sition to plaintiff by ruling that the panel boards (a component of the billboards) were plaintiff’s personal property. However, the trial court partially granted summary disposition to defendant by ruling that the billboard structures themselves were part of defendant’s realty. Apparently, the trial court’s decision was based on evidence that though the panel boards could be removed, the billboard structures either could not be removed or removed only with great difficulty. Plaintiff now appeals.
 

 H. ANALYSIS
 

 This Court reviews decisions on motions for summary disposition de novo.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998). Motions under MCR 2.116(C)(10) test the factual support of the plaintiff’s claim.
 
 Id.
 
 The court considers the affidavits, pleadings, depositions, admissions, and other evidence submitted to determine whether a genuine issue of any material fact exists to warrant a trial.
 
 Id.
 
 Both this Court and the trial court must resolve all reasonable inferences in the nonmoving party’s favor.
 
 Bertrand v Alan Ford, Inc,
 
 449 Mich 606, 618; 537 NW2d 185 (1995).
 

 Plaintiff maintains that the billboards were trade fixtures and therefore plaintiff’s personal property as a matter of law. We agree. This Court has defined “trade fixtures” as follows:
 

 A trade fixture is merely a fixture which has been annexed to leased realty by a lessee for the purpose of enabling him to engage in a business. The trade fixture doc
 
 *668
 
 trine permits the lessee, upon the termination of the lease, to remove such a fixture from the lessor’s real property.
 
 [Michigan Nat’l Bank, Lansing v Lansing,
 
 96 Mich App 551, 555; 293 NW2d 626 (1980), aff’d 414 Mich 851 (1982).]
 

 A trade fixture is considered to be the personal property of the lessee.
 
 Wentworth v Process Installations, Inc,
 
 122 Mich App 452, 465; 333 NW2d 78 (1983). A chattel is a trade fixture if devoted to a trade purpose, regardless of its form or size.
 
 Id.;
 
 see also
 
 Waverly Park Amusement Co v Michigan United Traction Co,
 
 197 Mich 92; 163 NW 917 (1917). The question if a given object is a trade fixture is a mixed question of law and fact, which we review de novo on appeal as issues of law. 35 Am Jur 2d, Fixtures, § 40, p 731;
 
 Johnson v Harnischfeger Corp,
 
 414 Mich 102, 121; 323 NW2d 912 (1982).
 

 The Supreme Court long ago addressed the policy behind allowing a tenant to remove trade fixtures installed in furtherance of the tenant’s business:
 

 The right of the tenant to remove the erections made by him in furtherance of the purpose for which the premises were leased is one founded upon public policy and has its foundation in the interest which society has that every person shall be encouraged to make the most beneficial use of his property the circumstances will admit of. . . .
 

 The reason property of this kind is personal, rather than real, is based upon the rule the law implies [that the parties made] an agreement that it shall remain personal property from the fact the lessor contributes nothing thereto and should not be enriched at the expense of his tenant when it was placed upon the real estate of the landlord with his consent. There is no unity of title between the owner of the land and the owner of the structures, and the buildings were not erected as permanent improvements to the real estate, but to aid the lessee or licensee in the use of his
 
 *669
 
 interest in the premises.
 
 [Cameron v Oakland Co Gas & Oil Co,
 
 277 Mich 442, 452; 269 NW 227 (1936).]
 

 In
 
 Wentworth, supra
 
 at 467, this Court held that
 

 trade fixtures remain the personal property of the lessee as long as the lessee remains in legitimate possession of the property unless: 1) it is expressed or clearly implied in a second lease, executed after the term in which the fixtures were erected, that the fixtures belong to the leasehold, or 2) such a fundamental change in the nature of the tenancy has occurred that it would not unjustly enrich the lessor to include the fixtures as a permanent part of his real property.
 

 Here, plaintiff presented evidence that the billboards were erected by the original lessee and that there was continuous possession by its predecessors in interest without any period of abandonment. Defendant presented no competent evidence in rebuttal. Furthermore, defendant does not argue that the lease entitled defendant to keep plaintiffs trade fixtures at the expiration of the lease. Rather, defendant contends that the billboards are not trade fixtures as a matter of law.
 

 In
 
 In re Acquisition of Billboard Leases & Easements,
 
 205 Mich App 659, 661-662; 517 NW2d 872 (1994), involving just compensation for a local government’s eminent domain taking of certain leaseholds that included billboards, this Court noted that there was “no dispute that all tíre billboards in question are trade fixtures.”
 
 Id.,
 
 661-662. However, this statement does not settle the issue before us. It appears that the parties there did not dispute the issue, obviating the need for the Court to decide the issue as a matter of law. Lacking Michigan case law
 
 *670
 
 on this matter, we consider how our sister states have resolved the issue.
 

 We found several cases that addressed this issue. In each case, the court had to decide if a billboard was personal or real property for purposes of determining just compensation in condemnation proceedings. In
 
 Rite Media, Inc v Secretary of Massachusetts Hwy Dep’t,
 
 429 Mass 814; 712 NE2d 60 (1999), the court held that a billboard was a trade fixture and therefore personal property for eminent domain purposes. The court concluded that because the owner had the right to remove the billboard, the billboard had not been taken by eminent domain.
 
 Id.,
 
 817. Likewise, in
 
 State ex rel Comm’r, Dep’t of Transportation v Teasley,
 
 913 SW2d 175 (Term App, 1995), the court held that the billboard in question was a trade fixture, and therefore not compensable in eminent domain.
 
 Id.,
 
 177-178.
 

 In
 
 Lamar Corp v State Hwy Comm,
 
 684 So 2d 601 (Miss, 1996), contrary to
 
 Rite Media
 
 and
 
 Teasley,
 
 the court held that billboards were realty for purposes of eminent domain and that the owner was entitled to just compensation.
 
 Id.,
 
 604. However, the court’s remarks in dicta firmly support the conclusion that the billboards at issue here should be treated as trade fixtures:
 

 [T]he property here involved does not become “personal property” [for eminent domain purposes] . . . simply because it may be classified as a “trade fixture”
 
 and therefore treated as personal property for ownership purposes as between lessor and lessee. [Id. ]
 

 Thus, while the
 
 Lamar
 
 court declined to hold that billboards were noncompensable personal property in
 
 *671
 
 eminent domain cases, it expressly commented that billboards are trade fixtures for purposes of establishing ownership between lessor and lessee.
 

 The case
 
 In re Condemnation by the Commonwealth of Pennsylvania, Dep’t of Transportation, of Right of Way for State Route 0060, Section A01,
 
 720 A2d 154 (Pa Commw, 1998), presented the trade fixture/personalty/realty issue in a slightly different context. Although the parties acknowledged that the billboard owner was entitled to compensation for the taking, they disputed whether the owner of condemned billboards should be compensated according to the “sales comparison approach” used for valuation of realty, or the “reproduction cost less depreciation” approach used for personalty.
 
 Id.,
 
 156. The Court held that that the billboards were trade fixtures and should therefore be valued as personalty.
 
 Id.,
 
 158-159.
 

 In sum, the jurisdictions that have specifically addressed the question whether billboards are trade fixtures clearly hold that billboards are trade fixtures. The majority has drawn this conclusion in the context of eminent domain cases; even the minority jurisdiction has stated that billboards are trade fixtures in the context of lessor-lessee relations. We join these states in holding that billboards are properly characterized as trade fixtures and personal property rather than as realty.
 

 Defendant erroneously argues that the billboards cannot be trade fixtures because they were large and could only be removed with a crane. The cases defendant cites all involve
 
 nontrade
 
 fixtures.
 
 [3]
 
 This
 
 *672
 
 Court has held that form and size are not determinative of whether a chattel is a
 
 trade
 
 fixture.
 
 Wentworth, supra
 
 at 465.
 

 “Whatever is affixed to the land by the lessee for the purpose of trade, whether it be made of brick or wood, is removable at the end of the term. Indeed, it is difficult to conceive that any fixture, however solid, permanent, and closely attached to the realty, placed there for the sole purpose of trade, may not be removed at the end of the term.”
 
 [Cameron, supra
 
 at 459-460, quoting
 
 Wiggins Ferry Co v Ohio & M R Co,
 
 142 US 396, 416; 12 S Ct 188; 35 L Ed 1055 (1892).]
 

 The documentary evidence established plaintiffs ownership of the billboards and the billboard structures. Therefore, we find that plaintiff owned the billboards, that the billboards were trade fixtures and, consequently, were the personal property of plaintiff subject to removal by plaintiff in accordance with the terms of the billboard lease agreements. We affirm that portion of the trial court’s decision ruling that plaintiff owned and could remove the billboard panels. We reverse that portion of the trial court’s decision ruling that the billboard structures were permanently attached to the building and could not be removed by plaintiff.
 

 Affirmed in part and reversed in part.
 

 [1]
 

 Plaintiff is successor in interest to four outdoor advertising companies: Walker
 
 &
 
 Co.; Naegle Outdoor Advertising Co., Inc.; Eller Outdoor Advertising Co. of Michigan, and Gannett Outdoor Co. of Michigan. In 1922, Walker entered into a lease agreement with defendant’s predecessor in interest, A. E. Hashbum, for the east wall of 579 East Jefferson Avenue. In 1946, Walker entered into a lease agreement with defendant’s predecessor in interest, Minnie Assaro, for the roof of 579 East Jefferson Avenue.
 

 [2]
 

 Plaintiff moved for summary disposition under MCR 2.116(C)(10), but defendant’s cross motion was brought under MCR 2.116(C)(8) and (C)(10). The trial court did not specify under which subrule it was granting or denying summary disposition. However, because it appears that the court went beyond the pleadings in making its determination, this Court should consider the motion granted or denied pursuant to MCR
 
 *667
 
 2.1 16(C)(10).
 
 Swan v Wedgwood Christian Youth & Family Services, Inc,
 
 230 Mich App 190, 194; 583 NW2d 719 (1998).
 

 [3]
 

 One case defendant cites,
 
 Michigan Nati Bank, Lansing, supra,
 
 acknowledged the exception for trade fixtures, but held that it did not apply to the particular facts of that case.