730 N.W.2d 720 (2007)
477 Mich. 1121
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Alphonzo Leon WRIGHT, Defendant-Appellee.
Docket No. 130295. Calendar No. 256475.
Supreme Court of Michigan.
May 1, 2007.
*721 This Court granted leave to appeal, People v. Wright, 475 Mich. 906, 717 N.W.2d 331 (2006), to consider the November 29, 2005 judgment of the Court of Appeals, which reversed the defendant's conviction of knowingly maintaining a drug vehicle. MCL 333.7405(1)(d). The case was argued on December 12, 2006, and submitted together with People v. Thompson, 475 Mich. 907, 717 N.W.2d 332 (2006), which we decide today by opinion. We now VACATE the judgment of the Court of Appeals, and we REMAND this case to the Court of Appeals for reconsideration.
In its opinion in this case, the Court of Appeals reversed the defendant's conviction of maintaining a drug vehicle on the basis of language from People v. Griffin, 235 Mich.App. 27, 32, 597 N.W.2d 176 (1999), that we reject today in our opinion in People v. Thompson, 477 Mich. 146, 730 N.W.2d 708 (2007) decided May 1, 2007.
The Court of Appeals also said it would require piling inference upon inference in order to conclude that the defendant maintained a drug vehicle. But, in People v. Hardiman, 466 Mich. 417, 428, 646 N.W.2d 158 (2002), we expressly rejected the "no inference upon inference" rule.
Further, the Court of Appeals concluded its analysis by stating that "we cannot conclude that the prosecution presented sufficient evidence to support Wright's maintaining a drug vehicle conviction." Unpublished Opinion per curiam, issued November 29, 2005, 2005 WL 3179643, (Docket No. 256475), slip op at 4. But, the proper test is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. Hardiman supra at 421, 646 N.W.2d 158. Regarding "sufficiency of the evidence" claims, the United States Supreme Court held that the United States Constitution prohibits criminal convictions except upon proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citing In re Winship, 397 U.S. 358, 90 S.Ct. 1068 ([1970])). A reviewing court need not "`ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Jackson, 443 U.S. at 319, 99 S.Ct. 2781 (quoting Woodby v. Immigration & Naturalization Service, 385 U.S. 276, 282, 87 S.Ct. 483 ([1966])). Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319, 99 S.Ct. 2781 (emphasis omitted).
Accordingly, on remand, the Court of Appeals shall reconsider this case and issue an opinion limited to whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of maintaining a drug vehicle in light of our opinion in People v. Thompson, and without resort to the rejected no inference upon an inference rule.
*722 CORRIGAN, J., concurs and dissents and states as follows:
I concur with the majority that the Court of Appeals applied an incorrect standard in determining whether the evidence was sufficient to sustain defendant's conviction for keeping or maintaining a drug vehicle, MCL 333.7405(1)(d). But as I explain in my partial dissent in People v. Thompson, 477 Mich. 146, 730 N.W.2d 708 (2007) (Docket No. 130825, decided May 1, 2007), I dissent from the majority's holding that a conviction for keeping or maintaining a drug vehicle must be supported by evidence of continuity aside from an isolated incident. Instead, I would hold that evidence of an isolated incident of using a vehicle for keeping or selling controlled substances is sufficient to give rise to criminal liability under the unambiguous language of the statute if the offender keeps the vehicle by retaining it in his possession or power.
YOUNG, J., joins the statement of CORRIGAN, J.