# STATE OF MICHIGAN

# COURT OF APPEALS

AHDAWANTAZALAM AARON,

        Plaintiff-Appellant,

v

CBS OUTDOORS, INC.,

        Defendant-Appellee.

UNPUBLISHED
December 11, 2014

No. 317552
Wayne Circuit Court
LC No. 13-003927-CZ

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order, which granted summary disposition to defendant under MCR 2.116(C)(8) and (C)(10). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves a dispute over a billboard. In December 2003, defendant, which owns and maintains billboards throughout the metro area, signed a lease with a property owner on Grand River Boulevard in Detroit. The agreement had a five-year term, and allowed defendant to maintain and operate a billboard on the property. It further specified that all signs and structures (i.e., billboards) placed on the property were trade fixtures, which defendant had a right to remove anytime during the lease, or for a reasonable period after its expiration.

Wachovia Bank foreclosed on the property in 2005, and plaintiff purchased it in 2007, with intent to use the billboard. He took down defendant's existing advertisements on the billboard, and posted his contact information to solicit customers. When defendant contacted him and protested, plaintiff insisted that he owned the billboard and refused to agree to a new lease agreement. After bringing suit against plaintiff, defendant eventually removed the billboard with plaintiff's consent.[1] Defendant informed plaintiff that local ordinances prohibited him from placing a new billboard on his property, as defendant was the owner of the billboard permit at that location.

---

[1] After defendant removed the billboard, both plaintiff and defendant stipulated to dismiss defendant's lawsuit, and the action was dismissed with prejudice in August 2007.

Despite this notice, plaintiff erected his own billboard on the property. It was promptly deemed illegal by the Michigan Department of Transportation (MDOT), because plaintiff lacked the proper permits, and the MDOT ordered him to remove the signage.

Plaintiff, representing himself, then brought this suit in the Wayne Circuit Court. He asserted that defendant unlawfully removed the billboard from his property, and demanded its return. Defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), and argued that plaintiff could not prevail under Michigan's claim and delivery statute[2] because he: (1) consented to the billboard's removal; and (2) did not (and never did) own the billboard. The trial court agreed, and held that: (1) defendant owned the billboard; and (2) plaintiff's action under MCL 600.2920 necessarily failed, because he could not raise this claim as to property that he did not (and had never) owned. It accordingly granted defendant summary disposition under MCR 2.116(C)(8) and (C)(10).

Plaintiff appealed the case to our Court, and argues that the trial court erred when it granted summary disposition to defendant because: (1) defendant's 2003 lease on the property was terminated by the 2005 foreclosure; and (2) defendant violated the Highway Advertising Act ("HAA")[3] and Detroit City Code.[4] He also brings a plethora of other claims, many of which he did not raise at trial.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Ligon v City of Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint based on the pleadings alone. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). All factual allegations in support of the claim are accepted as true and are construed in a light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). In deciding a summary disposition motion under MCR 2.116(C)(10), we consider all the evidence, affidavits, pleadings, admissions, and other information available in the record in a light most favorable to the nonmoving party. *Rice v Auto Club Ins Ass'n*, 252 Mich App 25, 30–31; 651 NW2d 188 (2002).

---

[2] MCL 600.2920.

[3] MCL 252.301, *et seq*.

[4] Plaintiff's argument regarding the HAA and Detroit City Code does not merit analysis for two reasons: (1) he merely asserts that defendant violated the HAA and Detroit City Code without providing any evidence to support his assertions; and (2) his ultimate claim is under MCL 600.2920, which involves the ownership of the billboard, not whether defendant violated the HAA or Detroit City Code. In other words, defendant's supposed violation of the HAA or the Detroit City Code has no bearing on whether plaintiff owns the billboard. Moreover, plaintiff's suggestion that defendant had a duty to follow the HAA and Detroit City Code implies that defendant owned the billboard at issue, which undermines his claim that defendant wrongfully took the billboard.

Where the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Maiden*, 461 Mich at 120.

"Issues raised for the first time on appeal are not ordinarily subject to review." *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993). Our Court has repeatedly declined to consider arguments not presented at the trial court, and only deviates from that rule in "exceptional circumstances." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 518; 847 NW2d 657 (2014). However, we may consider unpreserved issues "when they involve questions of law, and the facts necessary for their resolution have been presented. Our review of any unpreserved issues is limited to plain error." *Hogg v Four Lakes Ass'n, Inc*, ___ Mich App ___; ___ NW2d ___; slip op at 3 (citations omitted).

## III. ANALYSIS

In relevant part, MCL 600.2920 states:

(1) A civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention, subject to the following conditions:

* * *

(c) An action may not be maintained under this section by a person who, at the time the action is commenced, does not have a right to possession of the goods or chattels taken or detained.

When a lessee places a billboard on a property pursuant to a lease agreement, the billboard is a trade fixture. *Outdoor Sys Advertising, Inc v Korth*, 238 Mich App 664, 667; 607 NW2d 729 (1999). "A trade fixture is merely a fixture which has been annexed to leased realty by a lessee for the purpose of enabling him to engage in a business. The trade fixture doctrine permits the lessee, upon the termination of the lease, to remove such a fixture from the lessor's real property." *Id*. at 667–668.

Here, plaintiff claims the 2005 foreclosure terminated defendant's 2003 lease, and that the foreclosure gave him ownership of the billboard. Because the billboard was rightfully his, plaintiff says, defendant's removal of the billboard violated MCL 600.2920. This argument is incorrect as a matter of law. Regardless of whether the lease terminated with the property's foreclosure in 2005, the billboard is a trade fixture. It thus is defendant's property, and defendant is entitled, "upon the termination of the lease, to remove [the billboard] from [plaintiff's] real property." *Id*. Plaintiff's claims to the contrary have no merit.[5]

---

[5] Plaintiff also makes a number of unsupported and meritless arguments that vaguely relate to the billboard's ownership status. First, he claims that "Viacom" is the named lessee on the document, and that defendant was not a party to the lease. But, as defendant explained, it is the

Therefore, the circuit court properly granted summary disposition to defendant, because: (1) plaintiff failed to state a claim under MCR 2.116(C)(8); and (2) there was no genuine issue of material fact under MCR 2.116(C)(10).[6]

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

corporate successor to Viacom and is thus the lessee in the 2003 agreement and owner of the billboard.

Plaintiff further asserts that defendant did not pay city and state taxes for operating the billboard, but fails to explain how non-payment of taxes equals non-ownership of the billboard. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). In any event, if defendant did not pay the relevant taxes, and was required to do so, it would imply that defendant owns the billboard—undermining plaintiff's entire appeal.

[6] Plaintiff also raises a number of issues that he did not raise at trial. They are therefore unpreserved and we need not address them. *Booth Newspapers*, 444 Mich at 234. In any event, they are unsupported and without merit. See *Mitcham*, 355 Mich at 203.